**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **Oakwood Laboratories,** | ) | **CASE NO.  1:04 CV 2270** |
| | ) | **1:05 CV 2070** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| vs. | ) | |
| | ) | |
| **Howrey Simon Arnold & White, LLP,** | ) | **Memorandum of Opinion and Order** |
| **et al.,** | ) | |
| **Defendants.** | ) | |

### INTRODUCTION

This matter is before the Court upon Defendants' and Counterclaim-Plaintiffs' Application for Order Confirming Arbitration Award (Docs. 18/12). Also pending is Plaintiff and Counter-defendant's Motion to Vacate Arbitration Award (Doc. 20/14). This is a legal malpractice action. For the reasons that follow, the motion to confirm arbitration award is GRANTED and the motion to vacate arbitration award should be DENIED. The Court hereby confirms the arbitration award as clarified by the arbitrator.

### FACTS

In October of 2004, plaintiff, Oakwood Laboratories, LLC ("Oakwood") filed an action

in state court against defendant, Howrey Simon Arnold & White, LLP. The lawsuit involved the payment of legal fees by plaintiff to defendant. Defendant removed the action to this Court and filed a counterclaim on the fee issue.

On August 25, 2005, plaintiff, Oakwood Laboratories, LLC ("Oakwood") filed a second action in this Court against defendants, Howrey Simon Arnold & White, LLP, Edward M. O'Toole, Christine Dudzik and Michael Padden[1], alleging legal malpractice in the handling of two patent actions involving Oakwood.

Based on an arbitration agreement between the parties, the Court ordered the matters to arbitration. On February 27, 2007, the arbitrator issued his decision and award in favor of defendants and against Oakwood. The arbitrator concluded that the attorneys were not liable for malpractice and that Oakwood owed defendants slightly more than $2.9 million for legal fees and disbursements. The award is set forth in a 32-page opinion accompanied by lengthy findings of fact. In the "conclusion" paragraphs regarding the breach of fiduciary duty and legal malpractice claims asserted by Oakwood, the arbitrator concluded that Oakwood could not succeed on its claims because it failed to prove them by "clear and convincing evidence." Similarly, the arbitrator concluded that defendants were entitled to their fees and expenses because they were able to prove entitlement by "clear and convincing evidence." The parties do not dispute that the applicable standard of proof for all claims at issue is "preponderance" not "clear and convincing" evidence.

Defendants move to enforce the award and Oakwood asks that the Court vacate the

---

[1] Plaintiff also named Thomas W. Jenkins, Jr., but this defendant was subsequently dismissed.

2

award on the grounds that the arbitrator manifestly disregarded the law by applying the incorrect standard of proof. After Oakwood filed its motion, defendants asked the arbitrator to "clarify" his award. Oakwood opposed the request. Ultimately, the arbitrator issued a "clarification" indicating that the references to "clear and convincing evidence" were inadvertent and that he actually applied the "preponderance of the evidence" standard in issuing the award.

## **DISCUSSION**

1. Validity of the clarification

The parties dispute whether the arbitrator possessed the authority to "clarify" the award. After this lawsuit was filed, defendants requested that the arbitrator clarify the award for the purpose of identifying the standard of proof applied to the claims at issue. Oakwood objected to the request, arguing that both AAA Rule 46 and the doctrine of *functus officio* prevent the arbitrator from "clarifying" the award in the manner requested by defendants. After concluding that he possesses the authority to clarify the award, the arbitrator clarified the award as follows,

> The Arbitrator's use of the phrase "clear and convincing evidence," in summarizing his conclusions that Oakwood had not proved its claims against Howrey for legal malpractice and breach of fiduciary duty, was inadvertent....
>
> The Arbitrator did not apply the clear and convincing standard of proof in weighing the evidence proffered by either Oakwood or Howrey. The standard of proof that was applied by the Arbitrator to each party in this matter having the burden of proof was the preponderance of the evidence standard.

Pursuant to AAA Rule 46, an arbitrator may "correct any clerical, typographical, or computational errors in the award. The arbitrator is not empowered to redetermine the merits of any claim already decided." This rule is premised on the doctrine of *functus officio*, which essentially holds that once an arbitrator issues an award, his duties are discharged. The policy behind the doctrine is "an unwillingness to permit one who is not a judicial officer and who acts

3

informally and sporadically, to re-examine a final decision which has already been rendered, because of the potential evil of outside communication and unilateral influence which might affect a new conclusion." *Green v. Ameritech Corp.*, 200 F.3d 967, 976-77 (6th Cir. 2000)(*quoting La Vale Plaza, Inc. v. R.S. Noonan, Inc.*, 378 F.2d 569, 562 (3d Cir. 1967)). There are, however, exceptions to the doctrine of *functus officio*. A court may remand a matter to an arbitrator,

    (1) to correct a mistake which is apparent on the face of the award;

    (2) if the arbitrator fails to address an issue which has been submitted; or

    (3) to clarify an ambiguity in the award that would otherwise render the award incomplete.

*Green*, 200 F.3d at 977 (*citing La Vale Plaza*, 378 F.2d at 573).

Oakwood argues that the arbitrator lacked authority to "clarify" the award in order to alter the burden of proof. According to Oakwood, revising the award in order to substitute a different standard of proof is tantamount to a modification. Oakwood relies on the dictionary definitions of "clarify" and "modify" to support its argument. Oakwood points out that "clarify" means "to make clear or easier to understand," while "amend" means "to change in form or character; alter." Oakwood argues that altering the burden of proof simply does not fit into the definition of "clarify." Moreover, even if inserting the incorrect standard of proof could be considered a "typographical error," Oakwood points out that the phrase appeared more than once in the award and as such, the actions of the arbitrator amount to a modification, not a clarification. In addition, Oakwood claims that none of the exceptions to the doctrine of *functus officio* apply. Oakwood argues that the award is not ambiguous in any way. Rather, it expressly

4

provides that the standard of proof applied is "clear and convincing evidence."

Howrey argues that the arbitrator's actions did not run afoul of the *functus officio* doctrine because arbitrators posses the power to clarify ambiguous awards. It appears that Howrey may be claiming that the body of the award repeatedly indicates that no evidence supported Oakwood's claims, while the conclusions summarizing the award states that the burden of proof is "clear and convincing evidence." In addition, Howrey argues that the arbitrator himself indicated in the clarification that the references to "clear and convincing evidence" were inadvertent and, therefore, simply clerical errors, which the arbitrator is permitted to correct under AAA Rule 46.

Upon review, the Court finds that the arbitrator did not exceed his authority by issuing the "clarification." The AAA rules permit an arbitrator to correct "any clerical, typographical, or computational errors in the award." The arbitrator expressly indicated that the references to "clear and convincing evidence" were inadvertent. The clarification further indicates that the arbitrator applied the preponderance of the evidence standard, even though the conclusory paragraphs at the end of each claim inadvertently state the incorrect standard. Although changing the burden of proof, together with a re-analysis of the claims at issue, may certainly amount to an "amendment" as opposed to a "clarification" or "correction," in this particular case it does not. The Court simply cannot discount the arbitrator's own statements that the references to "clear and convincing evidence," were inadvertent. Moreover, the arbitrator did not reanalyze the evidence or reach a new or different award. The Court finds that these "inadvertent" references constitute nothing more than typographical or clerical errors that the arbitrator

properly corrected pursuant to AAA Rule 46.[2]

    2.    Validity of the initial award

Assuming *arugendo* that the arbitrator lacked the authority to "clarify" the award, the Court finds that the award is enforceable even absent the clarification.

Federal Courts play a very limited role in reviewing the decisions of arbitrators. *Shelby County Health Care Corp. v. A.F.S.C.M.E., Local 1733*, 967 F.2d 1091 (6th Cir. 1992). "The Federal Arbitration Act presumes that arbitration awards will be confirmed." *Dawahare v. Spencer*, 210 F.3d 666, 669 (6th Cir. 2000). Arbitration awards may only be vacated in the following circumstances,

> (1) where the award was procured by fraud;
>
> (2) where the arbitrators were evidently partial or corrupt;
>
> (3) where the arbitrators misbehaved so that a party's rights were prejudiced;
>
> (4) where the arbitrators exceeded their powers or executed them so that a final, definite award was not made.

*Id*. *See also*, 9 U.S.C. § 10.

In addition to these statutory bases, a federal district court may vacate an arbitration award where the arbitrators have "manifestly disregarded the law." *Dawahare*, 210 F.3d at 669. "Manifest disregard of the law" is a narrow standard of review. *Merrill Lynch, Pierce, Fenner &*

---

[2] Oakwood also argues that the Court cannot enforce the clarification because defendants did not file a *motion* to enforce the clarification. The Court, however, treats Defendants' "Notice of Filing of Arbitrator's Clarification of Decision and Award" as a motion to enforce. Oakwood had a full and fair opportunity to oppose the motion and, in fact, filed a brief fully addressing the issues.

*Simth, Inc. v. Jaros*, 70 F.3d 418, 421 (6th Cir. 1995).

> A mere error in interpretation or application of the law is insufficient.  Rather the decision must fly in the face of clearly established legal precedent.  When faced with questions of law, an [arbitrator] does not act in manifest disregard of the law unless (1) the applicable legal principle is clearly defined and not subject to reasonable debate; and (2) the [arbitrator] refused to heed that legal principle.

*Id*.

A decision issued by an arbitrator must "fly in the face of established legal precedent" to constitute manifest disregard of the law.  *Electronic Data Sys. Corp. v. Donelson*, 473 F.3d 684, 691 (6th Cir. 2007)(citations and quotations omitted). "If a court can find any line of argument that is legally plausible and supports the award then it must be confirmed." *Id*.

Upon a thorough review of the arbitrator's decision, the Court finds that Oakwood fails to establish that the award is based on a manifest disregard of existing law.  The Court acknowledges that the award indicates that Oakwood failed to prove its claims by "clear and convincing evidence," and further acknowledges that this is the incorrect standard of proof.  Although application of an incorrect standard of proof may very well constitute a manifest disregard of the law, in this particular case it does not.  Even a cursory reading of the award demonstrates that Oakwood failed to prove its claims under the less stringent "preponderance of the evidence" standard.  The arbitrator concluded the following regarding the evidence presented by Oakwood,

- To the extent [Oakwood's witness] may be considered an unbiased expert qualified to address the legal malpractice issues, his criticisms of Howrey's conduct of the litigation were relatively minor and not well substantiated.... [The expert's] opinions are suspect and entitled to very little weight;

- ...T]he arbitrator rejects [the expert testimony presented by Oakwood] and accepts [Howrey's expert testimony]... that [there] was nothing 'less than a competent level of professionalism and competent lawyering on behalf of Howrey and

7

>   Oakwood at the *Markman* hearing or in the briefing leading up to the *Markman* hearing;'

- Oakwood did not present *any* credible evidence that Howrey's oral presentation at the Markman hearing constituted malpractice; (emphasis added)

- Howrey's handling of the this issues was *entirely appropriate*; (emphasis added)

- Oakwood offered *no credible evidence* that the Vert article, if it had been allowed in evidence at the trial of the Cleveland case, would have made any difference in the outcome; (emphasis added).

- Howrey's handling of the Hutchinson reference was a proper and logical strategy to navigate Oakwood through a minefield not of Howrey's own making, and not malpractice;

- As [Howrey's expert] testified, [the cross-examination] was reasonable given the circumstances and the decision to use Mr. Diaz to conduct this cross-examination did not constitute malpractice *in any way*; (emphasis added)

- Oakwood having failed to offer any persuasive evidence..., the arbitrator rejects Oakwood's contention that this was an incident of malpractice by Howrey;

- Even assuming that Oakwood's claims of malpractice by Howrey during the Cleveland litgiation had merit, Oakwood fails to offer evidence to prove, *or even to assert*, that [the causation element is satisfied]; (emphasis added).

- In light of all the evidence, Oakwood's claim that Howrey's alleged misconduct...caused Oakwood to lose the opportunity to settle the case for [a larger amount] is unpersuasive. If there had been any possibility of obtaining [a larger settlement], that possibility was lost as a result *solely* of Oakwood's own decisions; (emphasis added)

In short, it is clear from the arbitrator's analysis that Oakwood failed to establish any of its claims by a preponderance of the evidence. This Court must affirm the award if "any line of argument is legally plausible and supports the award." *Electronic Data Sys. Corp.,* 473 F.3d at 691. In this case, the arbitrator thoroughly analyzed each piece of evidence and made specific findings regarding the evidence presented by Oakwood. On numerous occasions the arbitrator concluded that "no evidence" supported Oakwood's claims. Thus, although the arbitrator stated

in his conclusions that Oakwood failed to prove its claims by "clear and convincing evidence" there is no doubt that Oakwood also failed to prove its claims by a "preponderance of the evidence." Because the arbitrator's decision itself supports this conclusion, the Court finds that the award is "legally plausible" and, therefore, the arbitrator did not act in a manifest disregard of the law.

### **CONCLUSION**

For the foregoing reasons, the Court GRANTS Defendants' and Counterclaim-Plaintiffs' Application for Order Confirming Arbitration Award and DENIES Plaintiff and Counter-defendant's Motion to Vacate Arbitration Award. The arbitration award, as clarified by the arbitrator, is hereby ENFORCED.

IT IS SO ORDERED.

/s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Judge

Dated: 5/24/07